

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

__EDWARD CLARK__
Plaintiff

vs.

__DISTRICT OF COLUMBIA, Serv. Atty. Gen. Karl A. Racine__
Defendant

Case Number __2015 CA 009406 B__

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

__Gregory L. Lattimer__
Name of Plaintiff's Attorney

__1200 G Street, NW, Ste. 800__
Address
__Washington, D.C. 20005__

__202-434-4513__
Telephone

如需翻译, 请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Dé có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오   ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court
By _____
Deputy Clerk

Date __12/07/2015__

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                             CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

EDWARD CLARK
_____
Demandante

contra

DISTRICT OF COLUMBIA Serv. Atty Gen. Karl A. Racine
_____
Demandado                    Número de Caso: _____

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) dias contados después que usted haya recibido este citatorio, excluyendo el dia mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) dias contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) dias de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

**Gregory L. Lattimer**
Nombre del abogado del Demandante

**1200 G Street, NW, Ste. 800**
Dirección

~~Washington, D.C. 20005~~

~~202-434-4513~~
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por _____
Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Dê có mót bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시오     ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

EDWARD CLARK
Vs.
DISTRICT OF COLUMBIA et al

C.A. No.   2015 CA 009406 B

## **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M CAMPBELL
Date:  December 7, 2015
Initial Conference: 9:30 am, Friday, March 04, 2016
Location:  Courtroom 519
           500 Indiana Avenue N.W.

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

Case 1:16-cv-00385-CKK   Document 1-1   Filed 02/25/16   Page 5 of 10

```
                                                    Filed
                                                    D.C. Superior Court
                                                    12/03/2015 22:26PM
                                                    Clerk of the Court
```

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| EDWARD CLARK<br>3 Cindy Lane<br>Apt. 202<br>Capitol Heights, MD 20743<br><br>      Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA<br>John A. Wilson Building<br>1350 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br><br>and<br><br>DET. STEVEN E. MANLEY<br>Metropolitan Police Department<br>300 Indiana Avenue, N.W.<br>Washington, D.C. 20001<br>(In His Official and Individual Capacity)<br><br>      Defendants | Case No. 2015 CA 009406 B |

### COMPLAINT
(Negligent Infliction of Emotional Distress; Malicious Prosecution;
Deprivation of Civil Rights - 4th Amendment)

### INTRODUCTION

1. This is a civil action alleging grossly negligent and deliberately indifferent conduct on the part of the defendant Detective when caused the plaintiff to be falsely arrested, held in jail and unlawfully seized.

### JURISDICTION

2. This Court has original subject matter jurisdiction over this case by virtue of D.C. Code § 11-921.

## PARTIES

3. Plaintiff, Edward Clark, was at all times relevant herein, a citizen of the United States.

4. Defendant Manley is a Metropolitan Police Department Detective, and was so at all times herein relevant. He is sued in this case in both his official and individual capacities.

5. Defendant District of Columbia is a municipal corporation and at all times herein was responsible for the actions of the members of its police department.

## STATEMENT OF RELEVANT FACTS

6. During 2013, defendant Manley, who was a detective assigned to the Narcotics and Special Investigations Division's Major Case Unit, was apparently involved in an investigation involving the sale and/or distribution of PCP.

7. During the course of his alleged investigation, defendant Manley, through neglect, incompetence, laziness and/or indifference associated a phone number allegedly called by one of his targets with the plaintiff. The phone number in question, (301) 263-4840, did not belong to the plaintiff during any point when the defendant detective alleged that it was being called by the target of his investigation.

8. Compounding his slipshod investigation, the defendant detective obtained a photograph of the plaintiff and contrary to police practices and applicable law regarding out of court identifications, showed the plaintiff's photograph to an alleged cooperating witness who he later claimed identified the plaintiff as an individual who had participated in a drug transaction.

9. Meanwhile, the plaintiff, who had no knowledge of the false and reckless allegations that the defendant detective was making about him, was either at his job as a meat clerk at Giant Food or home with his family during all of the times he was alleged to be having contact with a drug

dealer and/or distributing illegal drugs.

10. Based on erroneous information provided by the defendant detective, an arrest warrant was issued for the plaintiff on or about March 27, 2014. In seeking and obtaining the arrest warrant for the plaintiff, the defendant detective failed to properly investigate to determine that a cell phone that allegedly linked the plaintiff to the alleged criminal activity did not belong to him at any relevant time. As a result of the neglect, incompetence, laziness and/or indifference of the defendant detective, the plaintiff was arrested on July 17, 2014, and charged with conspiracy to distribute narcotics in the U.S. District Court for the District of Columbia. The plaintiff was finger printed, booked and detained. Following a detention hearing, the plaintiff was released from custody on July 22, 2014 under high intensity supervision, which included a GPS bracelet and a requirement that he subject himself to weekly reporting and drug testing. Although by that time he had lost his job.

11. As a consequence of the neglect, incompetence, laziness and/or indifference of the defendant detective, the plaintiff was forced to appear in federal court on the baseless charge pending against him on July 31, 2014, September 24, 2014, October 21, 2014, and on November 10, 2014, at which time a trial date of March 2, 2015 was scheduled.

12. The government did not finally acknowledge that the charges against the plaintiff were bogus until December, 2014, when it filed a motion to dismiss the charge against the plaintiff that was granted by the district court on December 31, 2014.

13. At all times relevant to this action, the District of Columbia had in effect and was responsible for the policies and procedures followed by its police officers in the actions taken relating to the plaintiff.

## COUNT I
### (Negligent Infliction of Emotional Distress)

14. The plaintiff adopts and incorporates complaint ¶¶ 1-13 as if fully set forth herein.

15. Defendants individually and/or through their agents, negligently caused severe emotional distress to the plaintiff by way of the their extremely negligent, reckless and indifferent conduct, including but not limited to their failure to ascertain that a phone number in question was not associated with the plaintiff during any of the relevant time or that he neither had nor ever had a relationship of any kind with the target of their drug investigation.

16. As a direct and proximate result of defendants' extremely negligent, reckless and indifferent conduct, the plaintiff suffered severe emotional distress, mental anguish and anxiety from his arrest, incarceration and prosecution over a period of several months while facing a charge carrying minimum mandatory sentence that would have affected the rest of his life.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), in compensatory & punitive damages, plus interest and costs.

## COUNT II
### (Malicious Prosecution)

17. The plaintiff adopts and incorporates complaint ¶¶ 1-13 as if fully set forth herein.

18. The defendants having wrongfully and unlawfully arrested and detained the plaintiff and/or caused his arrest and detention, further caused the malicious prosecution of the plaintiff for criminal charges which they knew or should have known had no basis in fact or law.

19. Hearings and/or trial was scheduled for the plaintiff's criminal charges on July 31, 2014, September 24, 2014, October 21, 2014, November 10, 2014, and March 2, 2015. The charges were

in fact pending until the government finally moved to dismiss the case. Consequently, the criminal prosecution of the plaintiff was dismissed on December 31, 2014, a little over five(5) months after he was arrested on the bogus charge in the first place.

20. As a direct and proximate result of the malicious prosecution of the plaintiff, he suffered discomfort, distress and loss of liberty and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, taken into custody and grossly mistreated.

Wherefore, plaintiff demands judgment against the defendants in the full and fair amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00) in compensatory damages plus interest and costs.

## COUNT III
### (Deprivation of Civil Rights, 4th Amendment)

21. The plaintiff adopts and incorporates complaint ¶¶ 1-13 as if fully set forth herein.

22. Plaintiff further alleges that the defendant detective, with deliberate indifference to and in reckless disregard for the safety and well-being of the plaintiff and in violation of the 4th Amendment to the Constitution, did throughout 2013 & 2014 commit acts which deprived plaintiff of his constitutional right to be free from an unreasonable seizure in the form of an unlawful detention, and malicious prosecution.

23. In addition, the defendant detective, with callous and deliberate indifference to and in reckless disregard for the safety and well-being of the plaintiff and in violation of the 4th Amendment to the constitution, made false accusations and statements in police reports that he knew or should

have known were false..

28. As a direct and proximate result of the actions of the defendant detective, the plaintiff was incarcerated and unconscionably prosecuted for a charge that was knowingly without basis.

Wherefore, plaintiff demands judgment against defendant Manley in the full and fair amount of Five Million Dollars ($5,000,000.00) in compensatory and punitive damages, plus interest and costs.

## JURY DEMAND

The plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Gregory L. Lattimer
Gregory L. Lattimer [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 638-0095

Counsel for the Plaintiff