UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD CLARK,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al*.,

    Defendants.

Civil Action No. 16-385 (CKK)

**MEMORANDUM OPINION**
(March 14, 2017)

Plaintiff Edward Clark filed suit against Defendants the District of Columbia and Detective Steven E. Manley of the Metropolitan Police Department ("MPD"), alleging negligent infliction of emotional distress, malicious prosecution, and deprivation of civil rights arising out of the investigation leading to Plaintiff's arrest in July 2014, his subsequent detention, and the related criminal proceedings. Presently before the Court is Defendants' [7] Motion to Dismiss the Complaint or in the Alternative for Summary Judgment, requesting that the Court dismiss or enter judgment in Defendants' favor on Plaintiff's claims in their entirety. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court shall GRANT IN PART and DENY IN PART Defendants' [7] Motion to Dismiss the Complaint or in the Alternative

---

[1] While the Court bases its decision on the record as a whole, its consideration has focused on the following documents: Compl., at 5-10, ECF No. [1-1]; Defs.' Mot. to Dismiss the Compl. or in the Alternative for Summ. J. ("Defs.' Mot."), ECF No. [7]; Pl.'s Mem. of P&A in Opp'n to Defs.' Mot. to Dismiss and/or for Summ. J. ("Pl.'s Opp'n"), ECF No. [9]; Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Defs.' Reply"), ECF No. [10]; Pl.'s Surreply in Opp'n to Defs.' Mot. to Dismiss and/or for Summ. J. ("Pl.'s Surreply"), ECF No. [11]. These motions are fully briefed and ripe for adjudication. In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering its decision. *See* LCvR 7(f).

1

for Summary Judgment. Specifically, the Court shall GRANT Defendants' request to dismiss Plaintiff's negligent infliction of emotional distress claim. The Court shall DENY Defendants' request to dismiss Plaintiff's malicious prosecution and Fourth Amendment claims.

## I. BACKGROUND

For the purposes of Defendants' motion to dismiss, the Court accepts as true the well-pleaded allegations in Plaintiff's Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014). The Court recites the principal facts pertaining to the issues raised in the pending motion, reserving further presentation of the facts for the discussion of the individual issues below.

In 2013, Defendant Manley, an MPD detective, was assigned to the Narcotics and Special Investigations Division's Major Case Unit. Compl. ¶ 6. During the course of an investigation into the sale and/or distribution of PCP, Defendant Manley associated with Plaintiff a phone number allegedly called by one of his targets. However, the phone number in question did not belong to Plaintiff during any point when it was allegedly being called by the target of the investigation. *Id.* ¶¶ 6-7. Defendant Manley then obtained a photograph of Plaintiff and showed it to an alleged cooperating witness whom Defendant Manley later asserted identified Plaintiff as an individual who participated in a drug transaction. *Id.* ¶ 8. At all times during which Plaintiff was alleged to be in contact with a drug dealer and/or distributing illegal drugs, Plaintiff was at his job as a meat clerk at Giant Food or home with his family. *Id.* ¶ 9.

As a result of the information obtained by Defendant Manley, an arrest warrant was issued for Plaintiff on or about March 27, 2014. *Id.* ¶ 10. Plaintiff was arrested on July 17, 2014, and charged in this Court with conspiracy to distribute narcotics. *Id.* Plaintiff was fingerprinted,

booked, and detained. *Id.* After a detention hearing on July 22, 2014, Plaintiff was released from custody under high intensity supervision that included use of a GPS tracking bracelet and requirements that Plaintiff subject himself to weekly reporting and drug testing. *Id.* Plaintiff appeared before this Court on July 31, 2014, September 24, 2014, October 21, 2014, and November 10, 2014, in the criminal proceeding. *Id.* ¶ 11. A trial date was set for March 2, 2015. *Id.* However, the Government filed a motion to dismiss the charge which was granted by this Court on December 31, 2014. *Id.* ¶ 12.

Plaintiff now brings this action against Defendant Manley in his official and individual capacities and against the District of Columbia, which Plaintiff asserts is responsible for the actions of MPD detectives, alleging three claims – negligent infliction of emotional distress, malicious prosecution, and deprivation of civil rights in violation of the Fourth Amendment of the United States Constitution. Defendants move the Court to dismiss all three claims against them for failure to state a claim upon which relief can be granted. With respect to the negligent infliction of emotional distress claim against the District, Defendants, in the alternative, request that the Court grant summary judgment in their favor.

## II. LEGAL STANDARD

The Court only sets forth the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because it does not reach Defendants' request for summary judgment pursuant to Rule 56. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

3

(1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe the complaint in the light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994). Further, in deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted).

### III. DISCUSSION

Defendants assert that each of Plaintiff's three claims should be dismissed for failure to state a claim upon which relief may be granted. The Court notes that while Defendants have styled their motion in part as one seeking summary judgment, it appears Defendants are only seeking summary judgment as to Plaintiff's negligent infliction of emotional distress claim brought against

the District.[2]  As an initial matter, the Court notes that the Complaint is not a model of detail. However, for the reasons described herein, the Court finds that Plaintiff has pled sufficient facts to withstand a motion to dismiss on his malicious prosecution and Fourth Amendment claims. The Court further finds that Plaintiff has failed to state a claim for negligent infliction of emotional distress upon which relief may be granted and, accordingly, the Court shall dismiss that claim. The Court shall address each claim in turn.

### A. Negligent Infliction of Emotional Distress Claim

First, Defendants allege that Plaintiff has not sufficiently pled a negligent infliction of emotional distress claim and, as such, argue that the claim should be dismissed.[3]  In the alternative, Defendants assert that the Court should grant summary judgment in their favor on this claim because Plaintiff failed to satisfy the mandatory notice requirement pursuant to D.C. Code § 12-309.  For the reasons described herein, the Court finds that Plaintiff failed to sufficiently plead each element of the claim of negligent infliction of emotional distress and the Court shall dismiss the claim on that ground.  Accordingly, the Court shall not reach Defendants' request for summary judgment.[4]

---

[2] Plaintiff makes this assertion in his opposition, which Defendants do not dispute in their reply.  Moreover, the Defendants' Statement of Material Facts appears to only pertain to the negligent infliction of emotional distress claim. *See* Defs.' Stmt. of Material Facts, ECF No. [7-1].

[3] In their initial motion, Defendants incorrectly cited to the standard for intentional, rather than negligent, infliction of emotional distress and made an argument for dismissal based on that standard. Plaintiff pointed out this error in his opposition to the motion and Defendants made the argument above in their reply brief.  As such, the Court afforded Plaintiff an opportunity to respond to the argument in a surreply.

[4] The crux of Defendants' argument is that Plaintiff did not provide written notice to the District within six months of the District's alleged tortious conduct because the notice was sent on June 30, 2015, five months after the six-month period expired. Defs.' Mot. at 10-11.  Plaintiff argues that the notice requirement only applies to claims brought against the District and not against MPD police officers.  Plaintiff also contends that he need not further respond to this argument "inasmuch as his claim against defendant Manley is unaffected by the § 12-309 issue

Under District of Columbia law, a plaintiff may make out a claim for negligent infliction of emotional distress in one of two ways. First, "a plaintiff must show that '(1) the plaintiff was in the zone of physical danger, which was (2) created by the defendant's negligence, (3) the plaintiff feared for his own safety, and (4) the emotional distress so caused was serious and verifiable.'" *Harris v. United States VA*, 776 F.3d 907, 915 (D.C. Cir. 2015) (quoting *Rice v. District of Columbia*, 774 F. Supp. 2d 25, 33 (D.D.C. 2011)). In the alternative, a plaintiff may show that "(1) the defendant has a relationship with the plaintiff, or has undertaken an obligation to the plaintiff, of a nature that necessarily implicates the plaintiff's emotional well-being, (2) there is an especially likely risk that the defendant's negligence would cause serious emotional distress to the plaintiff, and (3) negligent actions or omissions of the defendant in breach of that obligation have, in fact, caused serious emotional distress to the plaintiff." *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 810-11 (D.C. 2011) (en banc). Neither party argues that the former standard is applicable here and, as such, the Court shall focus its analysis on whether Plaintiff has pled a plausible claim under the latter standard. Specifically, Defendants dispute whether Plaintiff sufficiently pled a relationship between Defendant Manley and Plaintiff or an obligation undertaken by Defendant Manley that would give rise to a duty to avoid negligent infliction of emotional distress.[5]

Plaintiff argues that "the relationship that he had with defendant Manley, that of arrestee and arrester, necessarily implicated his well-being and the negligence with which Manley performed his obligations during the course of that relationship, was the direct cause of plaintiff's

---

and any claim in this regard against the District of Columbia would be vicarious." Pl.'s Opp'n at 8 n.1. Defendant did not respond to this argument in their reply brief.

[5] The Court focuses its analysis on Defendant Manley's conduct because Plaintiff has conceded that the District may only be vicariously liable for this claim. Pl.'s Opp'n at 8 n.1.

6

emotional distress which is an actionable claim as a matter of law." Pl.'s Surreply at 2. Plaintiff also asserts that "defendant Manley owed a duty to the plaintiff to cause his arrest only upon the submission of truthful statements regarding his conduct." *Id.*

The determination of whether a relationship or undertaking implicates a plaintiff's emotional well-being must be made on a case-by-case basis. *Hedgepeth*, 22 A.3d at 812. The District of Columbia Court of Appeals ("D.C. Court of Appeals") explained that certain relationships, such as that of therapist and patient very clearly implicate the patient's emotional well-being. However, while other doctor-patient relationships also may implicate a patient's emotional well-being because of the close link between physical illness or conditions and mental and emotional distress, the court is tasked with considering societal norms and evidence of professional and ethical standards and norms to determine whether a particular doctor-patient relationship is one in which it would be especially likely that *serious* emotional distress would result from a doctor's negligent performance. *Id.* at 813-14 (distinguishing a doctor tasked with delivering a baby from a doctor engaged in treating an ingrown nail). Outside of the doctor-patient context, the D.C. Court of Appeals recognized that there are "other situations where the emotional well-being *of others* is at the core of, or is necessarily implicated by, the undertaking." *Id.* at 814 (emphasis added). Examples cited of same include a hospital's false report of a death of a loved one and a funeral home's mishandling of a corpse, situations in which the court found it was apparent that the loved ones were the beneficiary of the obligation. The D.C. Court of Appeals further recognized that in some instances, persons appointed to act as guardians and counsel for those who are especially vulnerable such as children, the elderly, and the disabled, may also meet the requirements, but only after the court weighs statutory, professional, and ethical standards, the nature of the interests of the ward or client that the guardian or counsel is obligated to further and

protect, and relevant policy considerations. *Id.* at 814-15. The D.C. Court of Appeals further noted that fiduciary relations generally do not satisfy the standard because "the object of the engagement is to obtain a financial, commercial or legal objective, even if its non-attainment due to the fiduciary's negligence is emotionally distressing to the client." *Id.* at 815.

With this context in mind, the Court must determine whether Defendant Manley's undertaking at issue, namely the criminal investigation, or the relationship between Defendant Manley, as the police officer in charge of the investigation that ultimately led to Plaintiff's arrest, and Plaintiff, the arrestee, meets the standard. As the D.C. Court of Appeals explained:

> [T]he determinative factor will always be whether the facts of the particular case show that the essential elements of the duty are presented: (1) a relationship or undertaking to the plaintiff that necessarily implicates the plaintiff's emotional well-being, and (2) the special likelihood that the defendant's negligence in the course of performing obligations pursuant to such relationship or undertaking will result in [serious] emotional distress.

*Id.* at 815. One district court in this jurisdiction examining the issue summarized the necessary consideration as follows: "[E]ven if the purpose of a relationship is to achieve an objective for the benefit of a client, if that objective does not necessarily implicate the client's emotional well-being—even if it has an effect on it—the relationship is not 'special' for purposes of [a negligent infliction of emotional distress claim]." *Lesesne v. District of Columbia*, 146 F. Supp. 3d 190, 196 (D.D.C. 2015). In that case, the court found that a custodial relationship was undertaken by a correctional officer to "neutralize a threat allegedly posed by the person in custody, for the benefit of the community" and, accordingly, did not constitute a special relationship that could give rise to a negligent infliction of emotional distress claim. *Id.* at 197. The Court is persuaded by this reasoning when considering the facts of the instant case.

Here, Defendant Manley through the course of his investigation and through the arrest of Plaintiff did not establish a relationship or undertaking to Plaintiff that necessarily implicates

8

Plaintiff's emotional well-being nor was there a *special* likelihood that Defendant Manley's alleged negligence in the course of performing his duties would result in serious emotional distress to Plaintiff.  Notably, the object of Defendant Manley's engagement in investigating and arresting Plaintiff was clearly not for the benefit of Plaintiff.  Rather, Defendant Manley undertook this obligation for a law enforcement purpose, to investigate the illegal sale of PCP and apprehend those involved, for the benefit of the community.  While the investigation of Plaintiff as a suspect in criminal activity and his related arrest may be emotionally distressing to Plaintiff if conducted negligently, it does not form the type of relationship or undertaking between Defendant Manley and Plaintiff that would give rise to a negligent infliction of emotional distress claim.  *See Aubin v. District of Columbia*, No. 14-02133 (RJL), 2016 WL 509283, at *6 (D.D.C. Feb. 8, 2016) (holding a police officer did not have the requisite relationship with, or undertook an obligation to, an arrestee that implicated the arrestee's emotional well-being).  Plaintiff has not pled any additional facts regarding the parties' relationship or Defendant Manley's undertaking that would alter the Court's analysis.  As such, the Court concludes that Plaintiff may not recover for negligent infliction of emotional distress because Plaintiff has not pled a relationship or undertaking on the part of Defendant Manley to Plaintiff that necessarily implicates Plaintiff's emotional well-being.  To hold otherwise would extend a cause of action to the target of any criminal investigation against an investigating officer.

In support of his argument, Plaintiff notes that in other contexts a plaintiff may recover from a police officer under a common law theory and points to two provisions of the D.C. Code that prohibit making a knowing false or fictitious report of the commission of a criminal offense and willfully making a false statement if the statement could reasonably be expected to be relied upon as true.  *See generally* Pls.' Surreply at 2.  The Court finds neither argument persuasive.  As

9

an initial matter, the Court has applied the proper standard to determine whether Plaintiff may recover based on the facts alleged in his Complaint for a claim of negligent infliction of emotional distress, not other common law causes of action more generally.  Further, the fact that certain statutory provisions prohibit the making of *knowing or willful false statements* does not support the inference that a cause of action should be extended to *negligent* conduct.  While Plaintiff may advance alternate theories including theories grounded in negligence and theories not grounded in negligence, he still must plead sufficient facts to satisfy the essential elements of each claim.  Here, Plaintiff has failed to do so and, as such, the Court shall dismiss Plaintiff's negligent infliction of emotional distress claim.

### B. Malicious Prosecution Claim

Next, Defendants assert that Plaintiff has not sufficiently pled each element of a malicious prosecution claim.  With respect to a malicious prosecution claim, Plaintiff must establish the following elements: "'(a) a criminal proceeding instituted or continued by the defendant against the plaintiff, (b) termination of the proceeding in favor of the accused, (c) absence of probable cause for the proceeding, and (d) 'Malice,' or a primary purpose in instituting the proceeding other than that of bringing an offender to justice.'"  *DeWitt v. District of Columbia*, 43 A.3d 291, 296 (D.C. 2012), *cert. denied* 133 S. Ct. 449 (2012) (quoting *Jarett v. Walker*, 201 A.2d 523, 526 (D.C. 1964)).  Here, Defendants allege that the malicious prosecution claim should be dismissed on two bases.  First, Defendants argue that Plaintiff failed to plead sufficient facts to give rise to an inference of malice.  Second, Defendants assert that Plaintiff does not allege sufficient facts to plausibly give rise to an inference that the criminal case was terminated in his favor.  The Court shall address each argument in turn.

Turning first to the argument regarding malice, Defendants assert that Plaintiff only alleges *negligent* conduct on the part of Defendant Manley and, as such, Defendants argue that Plaintiff has not sufficiently pled the malice requirement. "The determination of malice is 'exclusively for the factfinder,' and 'the requisite malice can be established from the existence of a willful, wanton, reckless, or oppressive disregard for the rights of the plaintiff.'" *Pitt v. District of Columbia*, 491 F.3d 494, 504 (D.C. Cir. 2007) (quoting *Tyler v. Cent. Charge Serv., Inc.*, 444 A.2d 965, 969 (D.C. 1982)). Further, malice may be presumed from the lack of probable cause. *Amobi v. D.C. Dep't of Corr.*, 755 F.3d 980, 993 (D.C. Cir. 2014). Here, Plaintiff pled that he was prosecuted despite a lack of probable cause based on "neglect, incompetence, laziness and/or indifference" on the part of Defendant Manley. Compl. ¶ 10. Specifically, Plaintiff alleges that Defendant Manley incorrectly associated a phone number with Plaintiff and showed a photo to an alleged cooperating witness in a manner contrary to police practices and the law related to out-of-court identifications. *Id.* ¶¶ 7-8. Moreover, Plaintiff asserts that he had alibi witnesses for the times when the alleged criminal activity occurred because he was either at work or at home with his family. *Id.* ¶ 9. Specifically, Plaintiff asserts that he was prosecuted for charges that Defendants "*knew* or should have known had no basis in fact or law." *Id.* ¶ 18 (emphasis added). The Court finds this sufficient to demonstrate malice at the pleading stage and, as such, shall deny Defendants' request to dismiss Plaintiff's malicious prosecution claim on the grounds that Plaintiff has failed to plead malice.

Turning next to the argument regarding the termination of the criminal case, the parties dispute whether Plaintiff has sufficiently pled that there was a decision in his favor in the underlying criminal case. Indeed, under District of Columbia law, a Plaintiff must show termination of the underlying suit in the Plaintiff's favor in order to prevail on a claim for malicious prosecution. *Harris v. District of Columbia*, 696 F. Supp. 2d 123, 134 (D.D.C. 2010).

Furthermore, "the termination must reflect on the merits of the underlying action." *Brown v. Carr*, 503 A.2d 1241, 1245 (D.C. 1986). In *Brown*, the D.C. Court of Appeals adopted the approach of the California courts to malicious prosecution claims. *Harris*, 696 F. Supp. 2d at 134. Accordingly, "'[i]f [the termination] is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons, . . . it does not constitute favorable termination.'" *Id.* (quoting *Brown*, 503 A.2d at 1245). "[D]ismissal for failure to prosecute has been held to be a favorable termination where the facts of the case indicate that such a disposition reflects on the innocence of the defendant in the underlying suit." *Brown*, 503 A.2d at 1245 (emphasis added).

As such, the issue before the Court is whether Plaintiff has plausibly pled that the dismissal of the criminal case reflects Plaintiff's innocence. "[A] dismissal without prejudice 'renders the proceedings a nullity and leave[s] the parties as if the action had never been brought.'" *Thoubboron v. Ford Motor Company*, 809 A.2d 1204, 1210 (D.C. 2002) (quoting *Bonneville Assocs. Ltd. v. Barram*, 165 F.3d 1360, 1364 (Fed. Cir. 1999) (citations omitted)). However, some courts addressing the issue have considered whether a plaintiff has identified facts surrounding the dismissal without prejudice that, if proven, would demonstrate that the termination of the criminal case tended to show the plaintiff's innocence. *See Blakeney v. O'Donnell*, 117 F. Supp. 3d 6, 20 (D.D.C. 2015) (holding that the court could plausibly infer from the dismissal coupled with the allegations of the plaintiff's false arrest that the termination of the plaintiff's prosecution tended to indicate his innocence at the motion to dismiss stage). *See also Thorp v. District of Columbia*, 142 F. Supp. 3d 132, 145 (D.D.C. 2015) (holding that the bare assertion that a dismissal without prejudice was "favorable" to the plaintiff was insufficient to survive a motion to dismiss); *Harris*,

696 F. Supp. 2d at 134 (finding that the plaintiff did not allege any facts that would demonstrate a termination on the merits).

In the criminal case at issue, the government filed a motion to dismiss the case without prejudice pursuant to Federal Rule of Criminal Procedure 48(a).[6] Govt.'s Mot. to Dismiss Without Prejudice, *United States v. Clark*, No. 14cr72-02-CKK (D.D.C. Dec. 30, 2014), ECF No. [11]. The motion otherwise provides no information about the government's basis for requesting the dismissal of the case. After considering the motion, the Court entered an order that indicated: "Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the Court hereby GRANTS the Government's request for leave to DISMISS the charge contained in the indictment in Count One *only* as to defendant Edward Clark WITHOUT PREJUDICE." Min. Order, *Clark*, No. 14cr72-02-CKK (D.D.C. Dec. 31, 2014). However, in his Complaint, Plaintiff further alleges: "The government did not finally acknowledge that the charges against the plaintiff were bogus until December, 2014, when it filed a motion to dismiss the charge against the plaintiff that was granted by the district court on December 31, 2014." Compl. ¶ 12.

Here, Plaintiff asserts that his arrest and subsequent prosecution were based on false information provided by Defendant Manley. Plaintiff further alleges that the government acknowledged that the charges against him were "bogus" when it moved to dismiss the criminal case without prejudice. As such, the Court concludes that Plaintiff has pled sufficient facts for the Court to draw a plausible inference, at this stage of the proceeding, that the government's voluntary dismissal of the case without prejudice tends to reflect Plaintiff's innocence. Accordingly, the

---

[6] The Court takes judicial notice of the record in the criminal case underlying Plaintiff's malicious prosecution claim. *See* Fed. R. Evid. 201(a), (b); *Rogers v. District of Columbia*, 880 F. Supp. 2d 163, 166 (D.D.C. 2012) (finding the Court may take judicial notice of docket sheets which are public records for evidentiary purposes).

13

Court shall deny Defendants' request that the Court dismiss Plaintiff's malicious prosecution claim as Plaintiff has sufficiently pled each element of the claim.

### C. Fourth Amendment Claim

Finally, Plaintiff asserts that Defendant Manley violated Plaintiff's Fourth Amendment right to be free from an unreasonable seizure due to Plaintiff's allegedly unlawful detention and the malicious prosecution of Plaintiff. Compl. ¶ 22. Defendants contend that Plaintiff's Fourth Amendment claim should be dismissed because Defendant Manley is entitled to qualified immunity as an MPD detective and because Plaintiff has not pled sufficient facts to survive a motion to dismiss on this claim.

Section 1983 provides a remedy against "any person" who, under color of state law, deprives another of rights protected by the Constitution. 42 U.S.C. § 1983. However, a plaintiff may not recover under § 1983 if the defendant is entitled to qualified immunity. *See Scott v. Harris*, 550 U.S. 372, 376, n.2 (2007). "Qualified immunity shields federal and state officials from money damages unless a plaintiff alleges facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "[C]onduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable officer would have understood that what he is doing violates that right." *Id.* at 741 (internal quotation marks and notations omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The district court has the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The doctrine "gives government officials breathing room to make

reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Elkins v. District of Columbia*, 690 F.3d 554, 567-68 (D.C. Cir. 2012) (quoting *al-Kidd*, 563 U.S. at 743).

Defendants argue that Defendant Manley is entitled to qualified immunity on Plaintiff's Fourth Amendment claim because Plaintiff failed to plead that Defendant Manley violated a "clearly established" right at the time of the conduct at issue. Defendants note that in this jurisdiction, an indictment returned by a grand jury is prima facie evidence of probable cause. *See* Def.'s Mot. at 8 (citing *Moore v. Hartman*, 571 F.3d 62, 69 (D.C. Cir. 2009)). However, the presumption of probable cause may be rebutted by evidence that "the indictment was produced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Moore*, 571 F.3d at 69. *See also Amobi*, 755 F.3d at 992.

Here, an indictment was returned by a grand jury charging Plaintiff with conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of PCP in violation of 21 U.S.C. § 846. However, Plaintiff specifically alleges in his Complaint that Defendant Manley "with callous and deliberate indifference to and in reckless disregard for the safety and well-being of the plaintiff and in violation of the 4th Amendment to the [C]onstitution, made *false accusations and statements in police reports that he knew or should have known were false*." Compl. ¶ 23 (emphasis added). While Defendants assert that Plaintiff did not provide any factual allegations to support this claim, Plaintiff did allege that Defendant Manley incorrectly linked a phone number to Plaintiff through "neglect, incompetence, laziness and/or indifference," *id.* ¶ 7, that Defendant Manley showed a photo of Plaintiff to an alleged cooperating witness in a manner contrary to police practices and the applicable law, *id.* ¶ 8, that Plaintiff was unaware of the "false and reckless allegations" being

made about him, *id.* ¶ 9, that Plaintiff was either at work or home with his family during the times of the alleged criminal activity being investigated, *id.*, and that an arrest warrant was issued for Plaintiff based on the "erroneous information" provided by Defendant Manley, *id.* ¶ 10. When viewing the evidence in the light most favorable to Plaintiff, this information may have been provided to the grand jury and led to the return of an indictment. The Court finds that Plaintiff has sufficiently pled a basis to rebut the presumption that Plaintiff's arrest was supported by probable cause in light of the indictment and, relatedly, that Defendant Manley is entitled to qualified immunity. In sum, the Court concludes that based on this record, Plaintiff has sufficiently pled his malicious prosecution and Fourth Amendment claims. As such, the Court shall allow those claims to proceed as the parties more fully develop the factual record. However, for the reasons described, the Court shall dismiss Plaintiff's negligent infliction of emotional distress claim.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' [7] Motion to Dismiss the Complaint or in the Alternative for Summary Judgment. Specifically, the Court concludes that Plaintiff has failed to sufficiently plead his negligent infliction of emotional distress claim because he did not plead facts to demonstrate that Defendant Manley had a relationship with Plaintiff, or had undertaken an obligation to Plaintiff, of a nature that necessarily implicates Plaintiff's emotional well-being. As such, the motion is GRANTED in that the Court shall dismiss Plaintiff's negligent infliction of emotional distress claim. The Court finds that Plaintiff sufficiently pled his malicious prosecution and Fourth Amendment claims and the motion to dismiss is DENIED with respect to those remaining claims.

made about him, *id.* ¶ 9, that Plaintiff was either at work or home with his family during the times of the alleged criminal activity being investigated, *id.*, and that an arrest warrant was issued for Plaintiff based on the "erroneous information" provided by Defendant Manley, *id.* ¶ 10. When viewing the evidence in the light most favorable to Plaintiff, this information may have been provided to the grand jury and led to the return of an indictment. The Court finds that Plaintiff has sufficiently pled a basis to rebut the presumption that Plaintiff's arrest was supported by probable cause in light of the indictment and, relatedly, that Defendant Manley is entitled to qualified immunity. In sum, the Court concludes that based on this record, Plaintiff has sufficiently pled his malicious prosecution and Fourth Amendment claims. As such, the Court shall allow those claims to proceed as the parties more fully develop the factual record. However, for the reasons described, the Court shall dismiss Plaintiff's negligent infliction of emotional distress claim.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' [7] Motion to Dismiss the Complaint or in the Alternative for Summary Judgment. Specifically, the Court concludes that Plaintiff has failed to sufficiently plead his negligent infliction of emotional distress claim because he did not plead facts to demonstrate that Defendant Manley had a relationship with Plaintiff, or had undertaken an obligation to Plaintiff, of a nature that necessarily implicates Plaintiff's emotional well-being. As such, the motion is GRANTED in that the Court shall dismiss Plaintiff's negligent infliction of emotional distress claim. The Court finds that Plaintiff sufficiently pled his malicious prosecution and Fourth Amendment claims and the motion to dismiss is DENIED with respect to those remaining claims.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge